IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re Jerry Wayne Parish, Debtor. § § § | |
| § | Civil Action No. H-21-562 |
| EVA ENGELHART, TRUSTEE, § § | Adversary Case No. 20-3053 |
| Plaintiff, § § | |
| v. § § | |
| SUE PARISH, § § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

On April 8, 2021, this court issued an order stating that it would preside over the jury trial in this case, but referred all pretrial matters to the United States Bankruptcy Court for the Southern District of Texas. (Docket Entry No. 3). A month later, the Bankruptcy Court certified that all pretrial matters were resolved, and that the proceeding was ready for trial. (Docket Entry No. 4). In March 2022, this court set a final pretrial conference date for August 8, 2022, and with jury selection to occur as soon as the court's and parties' schedules allowed. (Docket Entry No. 7). No party indicated a need for pretrial motions.

Now, after all pretrial matters are resolved and the final pretrial conference is less than a month away, the defendant, Susan Parish, has now moved for leave to file a motion for summary judgment and has moved for summary judgment. (Docket Entry Nos. 8, 9, 10, 11). The plaintiff and trustee, Eva Engelhart, opposes the motion for leave, arguing that it is untimely and pointing to numerous procedural deficiencies and local rule violations. (Docket Entry No. 12). Although

confusingly docketed as an opposed response to her own summary judgment motion, Parish replied to Engelhart.  (Docket Entry No. 13).

The deadline to file dispositive motions in the Bankruptcy Court was October 21, 2020.  (Docket Entry No. 12-1).  Parish claims that she could not do so because of COVID.  She offers no explanation, however, for her failure to raise the need for a summary judgment motion until June 2022.  Parish took no action when the Bankruptcy Court certified the case as ready for trial in May 2021, or in March 2022, when this court set the final pretrial date.

Thirteen months of delay, without reason, does not show good cause to extend all the deadlines and allow a summary judgment motion.  *See* FED. R. CIV. P. 16(b)(4); *Victory Lane Motorsports, LLC v. Wide-Open Sports Mktg., Inc.*, No. H-20-2006, 2020 WL 7484769, at *1 (S.D. Tex. Dec. 18, 2020).  ("The good-cause standard focuses on the diligence of the party asking the court to modify the scheduling order.").  Parish's motion for leave to file a motion for summary judgment, (Docket Entry Nos. 8, 9, 10), is denied.  Parish's motion for summary judgment, (Docket Entry No. 11), is stricken as filed too late and without leave to do so.

SIGNED on July 14, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge